# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHRISTOPHER ELEY | * | |
| Petitioner | * | |
| v | * | Civil Action No. WMN-10-1005 |
| KATHLEEN GREEN and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND | * * | |
| Respondents | * | |

***

## MEMORANDUM

Pending is Respondents' answer to the court's Order to Show Cause. Paper No. 8. In addition, Petitioner has filed a request for default judgment. Paper No. 9. Upon review of the papers filed, the court finds a hearing in this matter unnecessary. For the reasons that follow, the Petition for Writ of Habeas Corpus will be dismissed.

## Background

By the instant action, Petitioner attacks his 1994 first-degree rape conviction, obtained under an *Alford*[1] plea, entered in the Circuit Court for Harford County, Maryland. The undersigned directed a limited response to the petition concerning only the timeliness of the filing. Paper No. 4. Respondents state, however, that the petition is unauthorized because it is successive. Paper No. 8. Petitioner maintains that because Respondents did not address the timeliness issue they have not complied with the Order and are in default. Paper No. 9. Respondents' argument prevails.

Petitioner first filed a federal habeas petition concerning the conviction on April 30, 2001. *See Kadam Ali (aka Christopher Eley) v. Galley*, Civil Action No. WMN-01-1564 (D.

---
[1] *North Carolina v. Alford*, 400 U.S. 25 (1970).

Md). This court issued a decision on August 13, 2001, dismissing the petition with prejudice because it was time-barred. *See id*. and Paper No. 8 at Ex. 1 and 2. This court reasoned that since Petitioner's conviction became final prior to April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA), the deadline for filing a federal habeas petition in his case was April 25, 1997. The petition was filed four years after the deadline expired, tolling provisions did not apply. *Id*.

## Standard of Review

Under 28 U.S.C. § 2244, petitioner may only file a second or successive habeas corpus petition if he has first moved the appropriate circuit court for an order authorizing the district court to consider his application. *See* 28 U.S.C. § 2244(b)(3); *Felker v. Turpin*, 83 F.3d 1303, 1305-07 (11th Cir.1996). Before this court may consider a successive petition, the United States Court of Appeals for the Fourth Circuit must enter an order authorizing the court to do so. *See* 28 U.S.C. § 2244(b)(3)(A); *see also In re Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997).

## Analysis

Petitioner does not dispute that the instant petition is successive, but asserts Respondents have not filed a proper response to the Order to Show Cause. Paper No. 9. Petitioner's position is untenable. If the petition is successive, the issue of timeliness is not reached. Because it does not appear that Petitioner has received authorization from the Fourth Circuit, his pending application for habeas corpus relief must be dismissed pursuant to 28 U.S.C. §2244(b)(3).

The United States Court of Appeals for the Fourth Circuit has set forth instructions for the filing of a "motion" to obtain the aforementioned authorization order. The procedural requirements and deadlines for filing the "motion" are extensive. Consequently, the Clerk shall provide a packet of instructions promulgated by the Fourth Circuit which addresses the

comprehensive procedure to be followed should petitioner wish to seek authorization to file a successive petition.  It is to be emphasized that Petitioner must file the "motion" with the Fourth Circuit *and* obtain authorization to file his successive petition before this court may examine his claims.

      A separate Order dismissing the petition follows.

                                      /s/

<u>July 12, 2010</u>                                _____
Date                                                  William M. Nickerson
                                                       United States District Judge